IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KRISTOPHER GENE GUILLAUME, ET AL., § § § Plaintiffs, § § V. § EKRE OF TX, LLC, § § Defendant. § | No. 3:24-cv-820-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiffs Kristopher Gene Guillaume ("Kristopher"), Sylvia Jean Guillaume, and Eugene Devoe filed a *pro se* action in a state court in Dallas County, Texas, which Defendant EKRE of TX, LLC removed to federal court under 28 U.S.C. §§ 1332(a) and 1441, based on federal diversity jurisdiction. *See* Dkt. No. 1.

United States District Judge Brantley Starr referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Kristopher then moved to remand to state court. *See* Dkt. Nos. 22 & 23. The motions to remand are signed just by Kristopher, who, to the extent that he is not a lawyer, may prosecute his own claims *pro se* but may not prosecute the claims of others. *See, e.g.*, *Raskin ex rel. J.D. v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) ("[F]or a person to invoke [28 U.S.C.] § 1654, the only requirement is that the case he seeks to prosecute must belong to him." (footnote omitted)).

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the motions to remand should be denied.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

And, in cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Here, the basis for removal is diversity jurisdiction: "EKRE is a single-member

foreign limited liability company. Its sole member, EasyKnock, Inc., is a Delaware Corporation headquartered in New York, New York. The District Court has original jurisdiction over this civil matter because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states." Dkt. No. 1 at 1, ¶ 1.

Kristopher does not contest these allegations. *See generally* Dkt. Nos. 22 & 23. Nor does the undersigned's review of the notice of removal and its attachments reveal a jurisdictional defect. *Cf. Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[W]here subject matter jurisdiction is lacking, the removed case *shall* be remanded." (emphasis in original)).

As its statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So a removal may also be defective (and a motion to remand may be granted) based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not." *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013).

But Kristopher's motions fail to show that a procedural defect is apparent in the notice of removal or its attachments. Instead, the motions to remand appear to

raise perceived defects based on EKRE's appearance in the state litigation prior to removal.

And Kristopher fails to persuade the undersigned that any of his alleged defects count as a "defect other than lack of subject matter jurisdiction" under Section 1447(c), because such defects are limited to the federal removal statute. *See Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 311 (5th Cir. 2021) ("[I]f 'defect' is read broadly to mean any nonjurisdictional reason for remand, then [S]ection 1447(c) would cover remands for all jurisdictional and nonjurisdictional reasons – that is, every remand (including abstention-based remands). *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1259 (11th Cir. 1999) (acknowledging but rejecting this argument). And if section 1447(c) covers every remand, then section 1447(d) would bar appellate review of every remand." (citation omitted)).

The United States Court of Appeals for the Fifth Circuit rejected a broad meaning of "defect" as that term is used in the current version of Section 1447(c), in *Grace Ranch*, "agree[ing] with the consensus view." 989 F.3d at 311-13; *see also City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1096-97 (10th Cir. 2017) ("[I]n 1996, Congress amended the statute to its current version by eliminating the words 'in removal procedure.' Based on this background, it appears that Congress intended to broaden the meaning of 'any defect' to include all statutory-based defects but never intended to broaden the meaning beyond this. Instead, Congress amended the language to resolve inconsistent interpretations. We agree with *Snapper* and other circuits that this statutory history shows that 'any defect' is limited to a failure to

comply with the statutory requirements for removal." (citations omitted; collecting cases)).

The Court should therefore deny the motion to remand.

## Recommendation

The Court should deny Plaintiff Kristopher Gene Guillaume's motions to remand [Dkt. Nos. 22 & 23].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE