IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KRISTOPHER GENE GUILLAUME, ET AL., § § § | |
| Plaintiffs, § § | |
| V. § | No. 3:24-cv-820-X-BN |
| § | |
| EKRE OF TX, LLC, § § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiffs Kristopher Gene Guillaume ("Kristopher"), Sylvia Jean Guillaume, and Eugene Devoe filed a *pro se* action in a state court in Dallas County, Texas, which Defendant EKRE of TX, LLC removed to federal court under 28 U.S.C. §§ 1332(a) and 1441, based on federal diversity jurisdiction. *See* Dkt. No. 1.

United States District Judge Brantley Starr referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Kristopher now moves for a temporary restraining order, arguing that, as to the agreements between Plaintiffs and EKRE, the Truth in Lending Act ("TILA") prevents arbitrating this dispute and requesting that the Court enter an order to prevent "the defendants, courts, [and] officers [from] acting upon [a] writ of possession, eviction, against" the residents, including Kristopher, of the property that is the subject of the parties' agreements [Dkt. No. 27] (the "TRO Motion").

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny the TRO Motion.

## Applicable Background

Plaintiffs filed this lawsuit in state court after EKRE attempted to evict them and then filed a forcible detainer action against them in a Dallas County justice of the peace court. The applicable background is set out in EKRE's amended response to Plaintiff's application for injunctive relief, included in the state court record attached to the notice of removal:

> On January 19, 2023, Defendant was the grantee under a General Warranty Deed with Vendor's Lien of real property located at 1004 Rosewood Drive, Desoto, Texas 75115 (the "Property") recorded at instrument number 202300013191 in the real property records of Dallas County, Texas. Kristopher Gene Guillaume was the grantee of the Property pursuant to said deed. A true and correct copy of the General Warranty Deed with Vendor's Lien is attached hereto and incorporated herein as Exhibit "A".
> Kristopher Gene Guillaume, Sylvia Jean Guillaume, Alan Eugene Devoe ("Plaintiffs") subsequently executed a Residential Lease Agreement (the "Lease") that established Defendant as Landlord and Plaintiffs as Tenants of the Property. The Lease provides that if Defendant does not receive the monthly rental payments as required, it was authorized to terminate the Lease and expel/remove the Plaintiffs (and any others occupying the Property). A true and correct copy of the Lease is attached hereto and incorporated herein as Exhibit "B". …
> Plaintiffs failed to make the payments as required under the Lease. A true and correct copy of the Tenant Ledger is attached hereto and incorporated herein as Exhibit "C". On November 15, 2023, Defendant served Plaintiffs a Notice of Proposed Eviction. A true and correct copy of the Notice of Proposed Eviction is attached hereto and incorporated herein as Exhibit "D". After Plaintiffs failed to cure the rental default, on December 5, 2023 Defendant sent Plaintiffs a Notice of Default and Notice of Termination of Lease and Demand to Vacate, advising Plaintiffs that it had eight (8) days to vacate the Property pursuant to the terms of the Lease. A true and correct copy of the Notice of Default and Notice of Termination of Lease and Demand to Vacate is attached hereto and incorporated herein as Exhibit "E".
> On December 19, 2023, Defendant filed a Sworn Petition for Forcible Detainer in Dallas County Justice Court, Precinct 1, Place 1,

> under Cause Number JPC-23-17429-11. A true and correct copy of Sworn Petition for Forcible Detainer is attached hereto and incorporated herein as Exhibit "F". On January 16, 2024, the Dallas County Justice Court granted judgment for possession of the Property in favor of Defendant.
>
> Plaintiffs appealed the judgment for a trial de novo in the Dallas County Court at Law, with the case being assigned to the Dallas County Court at Law Number Two (2) under cause number CC-24-00774-B. On March 11, 2024, The County Court at Law heard the matter. Plaintiffs attending the hearing, making many of the same arguments that it is now making in this district court case. At the trial, the Judge correctly determined that the Lease provided an independent basis to determine the right to immediate possession and thus issues of title raised by Plaintiffs did not need to be decided. A true and correct copy of Judgment for Possession is attached hereto and incorporated herein as Exhibit "G". On March 18, 2024, Defendant submitted a request for a Writ of Possession. The Writ of Possession was issued the same day but has not been processed yet.
>
> On March 25, 2024, Plaintiffs requested an ex-parte temporary restraining order in District Court to prevent Defendant from obtaining possession of the Property.

Dkt. No. 2-10 at 1-3 (citations omitted).

**Discussion**

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain preliminary injunctive relief, Kristopher must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2)

a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

The Court should deny the TRO Motion.

To the extent that Kristopher requests that a federal court restrain the enforcement of a state judgment (affirmed on appeal), the Court lacks jurisdiction to do so. *See, e.g.*, *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415-16 (5th Cir. 2013) (per curiam) (considering a factual background like the one here and concluding that "[t]he relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the Anti-Injunction Act, 28 U.S.C. § 2283." (citation omitted)). So Kristopher has not shown a substantial likelihood that he will prevail on the merits as to his request for federal review of the Judgment of Possession.

As to an argument that a TRO should issue because TILA prevents arbitration of this dispute, no motion to compel arbitration has been filed, and, if one is,

Kristopher will be able to oppose it. So, as to this ground, he has not shown a substantial threat that he will suffer irreparable injury if a TRO is not granted.

## Recommendation

The Court should deny Plaintiff Kristopher Gene Guillaume's motion for a temporary restraining order [Dkt. No. 27].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE